# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-377 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| FOUAD SAEED ABDULKADIR, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

The indictment in the present case charges defendant Fouad Saeed Abdulkadir ("defendant" or "Abdulkadir") with twenty-seven counts of wire fraud, in violation of 18 U.S.C. § 1343, 12 counts of aggravated identity theft, in violation of 18 U.S.C. § 1028(a)(1), and two counts of theft of public money, in violation of 18 U.S.C. § 641. (Doc. No. 1.) The trial in this matter is set to begin on January 30, 2023. Present before the Court are various discovery-related motions filed by Abdulkadir. (Doc. Nos. 36, 37, and 38.) Plaintiff United States of America (the "government") did not file responses to these motions.

## 1. Request for Notice of Rule 404(b) Evidence (Doc. No. 38)

Abdulkadir requests that the government provide written notice of any and all other crimes, wrongs, or acts covered by Rule 404(b) of the Federal Rules of Evidence that it intends to introduce against him at trial. (Doc. No. 38 at 1.) He asks that this notice be provided "in advance of trial." (*Id.*)

It is well-settled that, "[u]nder Rule 404(b), when the defendant requests notification of the government's intent to introduce other-act evidence, the government must provide such

notice in a reasonable form and manner." *United States v. Gonzalez*, 501 F.3d 630, 637 (6th Cir. 2007). The rule does not specifically define "reasonable" although it does state that the notice should be before trial, unless "good cause[] excuses lack of pretrial notice." Fed. R. Evid. 404(b)(3)(C). Courts have held that time periods of less than one month prior to trial fall within the realm of what constitutes "reasonable notice" under Rule 404(b). *See, e.g., United States v. Paul*, 57 F. App'x 597, 607 (6th Cir. 2003) (notice of intent to use Rule 404(b) evidence one week before trial reasonable); *United States v. French*, 974 F.2d 687, 694 (6th Cir. 1992) (trial court did not abuse its discretion in allowing the United States to disclose 404(b) evidence seven days before trial); *United States v. Pelini*, 896 F. Supp. 795, 797 (N.D. Ill. 1995) ("Regarding Rule 404(b), the government has agreed to provide said notice three weeks before trial, which satisfies the Rule 404(b) reasonableness requirement.")

To the extent Abdulkadir's notice was filed as a "motion," it is GRANTED, and the government is directed to provide formal notice of its intent to introduce any potentially qualifying Rule 404(b) evidence no later than two weeks prior to trial. Further, the government will be required to demonstrate good cause before offering any Rule 404(b) evidence that was not disclosed during that time period.

## 2.      Motions for *Brady* and *Giglio* Materials (Doc. Nos. 36 and 37)

Abdulkadir has also filed motions for discovery under *Brady v. Maryland*, 73 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) and *Giglio v. United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972). (Doc. No. 36 (*Brady* Motion); Doc. No. 37 (*Giglio* Motion).) With respect to *Brady* materials, he seeks an order "compelling the [g]overnment to disclose all exculpatory evidence" to defendant. (Doc. No. 36, at 1.) Likewise, he asks that the government be directed to

"produce any information known or reasonably discoverable by the [g]overnment which might bear unfavorably upon the credibility of any witness expected to be called by the [g]overnment" at trial. (Doc. No. 37, at 1 (citing *Giglio*).)

These motions represent nothing more than boilerplate requests that the government honor its discovery obligations. Yet, it is clear from the record that defendant has already received substantial discovery. In fact, defendant has sought multiple continuances of the dates and deadlines in this case due, in part, to the voluminous nature of discovery. (*See, e.g.,* Doc. No. 19 (Unopposed Motion to Continue), at 1; Doc. No. 39 (Motion to Continue), at 1.)

Abdulkadir has not suggested that the government has failed to honor its discovery obligations to date, and the Court trusts that the government will continue to supplement its discovery to defendant as required under the law. To the extent that any of the discovery requested by these motions is also covered by the Jencks Act, "the terms of that Act govern the timing of the government's disclosure." *United States v. Davis*, 306 F.3d 398, 421 (6th Cir. 2002) quotation marks and citation omitted)). Nevertheless, the government is encouraged to provide all required discovery materials as early as possible so as to avoid any unnecessary delays at trial.

For the foregoing reasons, Abdulkadir's motions for *Brady* and *Giglio* discovery (Doc. Nos. 36 and 37, respectively) are DENIED WITHOUT PREJUDICE. The government is also on notice of Abdulkadir's request to receive notice of any Rule 404(b) evidence.

**IT IS SO ORDERED**.

Dated: December 13, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

4