IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR377 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | |
| FOUAD SAEED ABDULKADIR, | ) | GOVERNMENT'S MOTION AND |
| | ) | MEMORANDUM IN SUPPORT OF |
| Defendant. | ) | CONTINUED PRESENTENCING |
| | ) | DETENTION |

## GOVERNMENT'S MOTION AND MEMORANDUM IN SUPPORT OF CONTINUED PRESENTENCING DETENTION

The United States of America, by and through its attorneys Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio and Duncan T. Brown and Bryson Gillard, Assistant U.S. Attorneys, respectfully moves this Court to continue the presentencing detention of the defendant, FOUAD SAEED ABDULKADIR ("Abdulkadir" or the "defendant"), as a serious risk of flight pending trial in this case pursuant to 18 U.S.C. § 3142(f)(2)(A).

## APPLICABLE LAW

Under the Bail Reform Act, the defendant must be detained pending trial if the Court determines that no condition or combination of conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). A finding of risk of flight is sufficient for detention. *See, e.g.*, *United States v. Ferranti*, 66 F.3d 540, 543-44 (2d Cir. 1995).

The government must prove the defendant presents a risk of flight only by a preponderance of the evidence, not by clear or convincing evidence or other, more demanding standards. *United States v. Namer*, 238 F.3d 425, 2000 WL 187012, at *1 (6th Cir. Dec. 12,

2000) (unpublished) ("However, the government need only demonstrate the risk of flight by a preponderance of evidence."); *see also United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990) (same).

At a detention hearing, the government may present evidence by way of a proffer. *United States v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010) ("[C]onducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court."); *United States v. Webb*, 238 F.3d 426, 2000 WL 1721060, at *2 (6th Cir. Nov. 6, 2000) (unpublished) ("The government may proceed in a detention hearing by proffer or hearsay.").

In assessing the risk of flight presented by the defendant, the Court must assess factors including (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4). As set forth below, each of these factors weighs in favor of detaining the defendant, Abdulkadir.

## FACTUAL BACKGROUND

The facts of this case are more fully set forth in criminal indictment and defendant's travel history from 2019 to the present are contained in Exhibit A and incorporated herein by reference.

A. THERE HAVE BEEN NO CHANGES IN CIRCUMSTANCE THAT SUPPORT THE DEFENDANT'S MOTION, AND IN FACT, ANY CHANGE SUPPORTS CONTINUED DETENTION

The Defendant offers two potential changes in circumstances that support his request for release pending sentence. In short, his claimed changes are without merit and, those which are actual changes in circumstance suggest his continued detention is necessary to prevent his flight.

1. <u>The Defendant's Claims are Without Merit</u>

The Defendant first suggests a list of claimed maladies qualify him to overcome the statutory burden of detention, however, he provides nothing more than unsubstantiated allegations.  The Defendant claims he suffers from ankle, shoulder, and knee pain, however, does not offer more than mere complaint.  Indeed, during pre-trials over the past year he appeared at times with a walker or a cane, presumably to illicit sympathy, however such props were nowhere to be seen when he presented himself to the jury during trial.  Indeed, there was no testimony about such injuries during trial; rather there was evidence that the Defendant drove great distances to Chicago and Canada, flew in planes to California and Illinois, and navigated stairs in his house and the ICNEO on a regular basis.  Indeed, he did not seek additional funds from the State of Ohio based on these claims.

Likewise, there is no evidence to support his claim of PTSD.  Without further evidence of such a claim it is disingenuous to suggest that the standard of care at NEOCC is so extreme that it approaches the conditions he previously claimed in his filings to seek asylum.  In short, the Defendant should not be allowed to liken the claims he alleged in an asylum application to his current situation.  The government has no doubt the Defendant would prefer to be in his home with, as shown at a trial, a massage chair, gaming console and multiple computers, however, being deprived of such luxuries does not rise to the level of the depravations he claims he suffered in Eritrea for crimes committed there.

Finally, the Defendant claims he is suffering religious harassment, yet provides no further detail.  This claim strains the limits of credibility as well, dozens, if not hundreds of other inmates have passed through NEOCC who are of the Muslim faith.  Indeed, attached is the State of Ohio's policy on the practice of Islam at the NEOCC, even a brief review of the policy shows

an open encouragement of faith and refers to additional policies to protect that freedom. If the Defendant does have substantiated allegations, the proper recourse is to first exhaust administrative remedies with the Bureau of Prisons before petitioning this court for a remedy that is otherwise an extraordinary form of relief.

2. <u>The Defendant's Actions Suggest Undisclosed Access to Finances</u>

There is one significant change of circumstance as the Defendant presents himself to this Court in the instant motion, and the change augers poorly for him. Simply, several days after his conviction the Government received a call from a defense counsel stating he had been approached by the wife of the Defendant on behalf of the Defendant seeking paid representation. That counsel is not the counsel now of record. Thus, it appears that the Defendant has access to financial resources not disclosed to the Court pre-trial when he received the benefit of court-appointed counsel based on claims of being destitute. The source of funds appears to be his wife and members of his community, both sources available to him pre-trial. The government submits that this lack of candor to the Court about his financial wherewithal suggest a general lack of honesty about remaining in the District now that his likelihood of incarceration is more certain.

B. <u>THE DEFENDANT REMAINS A RISK OF FLIGHT</u>

The government adopts its arguments at trial made in support of detention and incorporates them as if rewritten herein. Simply, since June 15, 2019, Abdulkadir has crossed or attempted to cross the United States/Mexico or United States/Canada border 13 times, most recently crossing back into the United States from Canada on February 11, 2021. During the stop on January 6, 2021, at the San Ysidro Port of Entry, Abdulkadir stated the purpose of travel to Mexico was to "scope out San Diego and Tijuana for a possible future residence in San Diego

and in Tijuana for possible relocation of his restaurant business in Cleveland." The individual he was traveling with, and had crossed previously with, was remaining in Mexico to become an Uber driver.

As developed through testimony at trial, the nature and circumstances of the Defendant's scheme shows a willingness to use other people's identities to commit fraud, fraudulently obtain federal assistance despite earning a salary that otherwise precluded him from assistance, and lie about the nature and extent of his employment. An ability and willingness to carry out such fraud schemes supports a finding that he poses a risk of flight and has the aptitude to fraudulently obtain funds or identities to allow for flight.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court continue the Defendant's presentence detention.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By: /s/ Duncan T. Brown

Duncan T. Brown (NY: 3982931)
Bryson Gillard (NY: 5415864)
Assistant United States AttorneyS
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3933/3925
(216) 685-2378 (facsimile)
Duncan.Brown@usdoj.gov
Bryson.Gillard@usdoj.gov