# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-377 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| FOUAD SAEED ABDULKADIR, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a document styled "Defendant-Petitioner's Reply to Government's Opposition and Renewed Motion for Release Pending Discovery of Newly Discovered Evidence[,]" which, for reasons discussed below, the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). (Doc. No. 146 (capitalization omitted).) Because the motion lacks merit or otherwise seeks relief this Court is without authority to grant, the motion is denied.

## I.   BACKGROUND

On April 10, 2025, defendant Fouad Saeed Abdulkadir ("Abdulkadir") filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his 21-month custody sentence imposed by this Court. (Doc. No. 134 (§ 2255 Motion), at 12;[1] *see* Doc. No. 121 (Judgment).) The Court issued its judgment following a jury trial wherein Abdulkadir was convicted of 24 counts of wire fraud and 2 counts of theft of public money. (*See* Doc. No. 100 (Jury Verdict).) After the government filed an opposition to Abdulkadir's motion to vacate (*see* Doc. No. 139), Abdulkadir filed a reply (Doc.

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

No. 142) and a supplemental reply (Doc. No. 143).

On November 10, 2025, the Court issued a memorandum opinion and order denying Abdulkadir's motion to vacate. (Doc. No. 144; *see* Doc. No. 145 (Judgment Entry).) The Court denied four of the claims on the grounds that they were previously raised and rejected on direct appeal, and Abdulkadir failed to identify any basis for revisiting those claims in a post-conviction motion. (*Id*. at 7–10.) The Court also rejected Abdulkadir's five ineffective assistance of counsel claims, finding no basis in the record for concluding that trial counsel failed to uncover and/or explore on cross-examination biases held by certain government witnesses. (*Id*. at 10–14.) In so ruling, the Court noted that each claim was raised in "conclusory fashion," and that, in any event, each claim failed on the merits. (*Id*.) As to the former, the Court recognized that Abdulkadir made only vague and generalized statements regarding "ulterior motives" held by the government's witnesses and the evidence Abdulkadir believed would demonstrate these biases. (*Id*. at 12–13.) It also found that an evidentiary hearing was unnecessary because: (i) Abdulkadir failed to identify facts that, if true, would entitle him to relief from the Court's judgment; and (ii) the arguments he offered were "either contradicted by the record, procedurally defaulted, waived, forfeited, and/or . . . presented in a perfunctory and conclusory manner, preventing further review" by the Court. (*Id*. at 6.)

Additionally, the Court denied Abdulkadir's request to vacate the detainer previously imposed by the United States Immigration and Customs Enforcement ("ICE"), finding that a motion to vacate could not be used to address any collateral consequences flowing from a prisoner's sentence. (*Id*. at 6–7 (collecting cases).) The Court further observed that—because Abdulkadir had already served his custody sentence in the present case and had been transferred

on May 13, 2025 to ICE custody to await the result of removal proceedings—any challenge to his ICE detention would have to be made in a habeas proceeding under 28 U.S.C. § 2241 in the jurisdiction in which he is being held. (*Id.*; *see* https://www.bop.gov/inmateloc/, last visited 1/7/2026; Doc. No. 141 (Notice of Change of Address).)

In the present filing, Abdulkadir appears to challenge the Court's ruling on the motion to vacate, including its decision not to conduct an evidentiary hearing. He also seems to make a new request for release pending discovery and for an evidentiary hearing. (*See generally* Doc. No. 146.) While the present filing purports to be a reply in response to the government's opposition to his now resolved motion to vacate, because it takes issue with aspects of the Court's ruling on the motion to vacate and was filed within 28 days of that ruling, the Court construes the motion as one for relief under Fed. R. Civ. P. 59(e).

**II. DISCUSSION**

**A. Fed. R. Civ. P. 59(e)**

"In order to justify the alteration or amendment of a judgment under Rule 59(e), the movant must demonstrate: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Beasley v. United States*, No. 24-5092, 2024 WL 5400265, at *2 (6th Cir. Aug. 16, 2024) (quoting *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (further citation omitted)); *see Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (similar) (citations omitted). Any such motion must be filed within 28 days of the judgment from which the party seeks relief. Fed. R. Civ. P. 59(e).

While Abdulkadir's motion cites the existence of newly discovered evidence, he only relies

3

on the evidence he vaguely alluded to in his motion to vacate. (*See* Doc. No. 146, at 1 (Abdulkadir suggesting that he had previously identified additional exhibits and documentary evidence that "were not available at trial" in his motion to vacate).) As previously noted, however, the Court found that Abdulkadir failed to sufficiently identify the evidence he believed counsel should have uncovered and used to discredit the government's witnesses. (Doc. No. 144, at 13 (noting Abdulkadir failed to describe the financial incentives the government witnesses allegedly had and failed to produce (or even identify) the alleged contradictory statements these witnesses made in other proceedings), *id*. n.5 (noting Abdulkadir failed to identify with any particularity "critical documentary evidence" he believed would have directly refuted the government's case).)

Abdulkadir's mere reference to this purported newly discovered evidence, that was only previously discussed in the vaguest of terms in the motion to vacate,[2] falls well short of demonstrating a right to relief under Rule 59(e). To the extent he is merely repeating the arguments he made in his motion to vacate, the motion must be denied. It is well settled that a "Rule 59(e) motion cannot be used as a vehicle to simply reassert old arguments." *Beasley*, 2024 WL 5400265, at *2 (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) ("Rule 59(e) allows for reconsideration; it does not permit parties to effectively re-argue a case." (cleaned up) (further citation omitted))). Moreover, to be successful on a Rule 59(e) motion based on newly discovered evidence, a defendant must identify, with particularity, "the evidence to be offered and justify why that evidence was not provided earlier." *United States v. Baker*, No. 09-cv-20068, 2011 WL 13142576, at *4 (W.D. Tenn. Dec. 1, 2011) (collecting cases). Neither his Rule 59(e) motion, nor

---

[2] In particular, the Court noted that Abdulkadir's general references to loan documents, business tax forms and tax returns, and unknown testimony in unidentified court proceedings were woefully insufficient and impeded the Court's review of his ineffective assistance of counsel claims. (*See id.* at 12–13 & n.5.)

his underlying motion to vacate, provide the type of particularity that would entitle him to relief.

### B. Release to Conduct Discovery

Abdulkadir also seeks immediate release so that he can discover the evidence he believes would demonstrate his actual innocence. (Doc. No. 146, at 1.) While he suggests that this a renewed request (*see id.*), there is nothing in the record to indicate that he ever sought release for the purpose of conducting post-conviction discovery. There are additional problems with this request, not the least of which is that Abdulkadir is no longer serving the Court's custodial sentence but is in ICE detention awaiting the conclusion of deportation proceedings. The Court is unaware of any authority giving it the power to interfere with the ICE proceedings or to order Abdulkadir's release from ICE custody under the circumstances presented here, and Abdulkadir has offered none. Rather, as previously observed, Abdulkadir's remedy, if any exists, lies in a habeas proceeding under § 2241 in the United States District Court for the Western District of Pennsylvania, where he is currently being held. *See Nassar v. Clausen*, No. 1:07-cv-1066, 2008 WL 314698, at *1 (W.D. Mich. Feb. 4, 2008) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001)). (*See* Doc. No. 141.)

And even if Abdulkadir were still in the custody of the Bureau of Prisons ("BOP") serving this Court's sentence, the statute under which he seeks release—18 U.S.C. § 3142(a)—would not allow for release. (*See* Doc. No. 146, at 3.) Section 3142(a) provides for release *pending trial*, and it is worth noting that Abdulkadir was on bond the entirety of the pretrial proceedings in this case.[3]

---

[3] Abdulkadir previously sought release pending *sentencing*, pursuant to 18 U.S.C. § 3143(a), citing a variety of medical conditions. (*See generally* Doc. No. 103.) The Court denied the request, citing the presumption in favor of detention following conviction, the fact that Abdulkadir had become a flight risk, and the fact that Abdulkadir had failed to sufficiently substantiate his claims that his continued incarceration was exacerbating his medical conditions. (*See id.*)

5

As a federal prisoner who was seeking post-conviction relief, however, Abdulkadir would have had to demonstrate a substantial claim on the merits, as well as "the existence of some circumstance making the motion for bail exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 2009) (cleaned up) (quotation marks and citation omitted); *accord Wingo v. United States*, 341 F. App'x 132, 135 (6th Cir. 2009) (recognizing that few prisoners will be able to satisfy this standard (citation omitted)). Abdulkadir's vague references to documentation that could reveal ulterior motives or biases of the government's trial witnesses would fall short of demonstrating the exceptional case where post-conviction release was warranted.[4]

Finally, the Court briefly addresses Abdulkadir's request to conduct post-conviction discovery. Of course, the time to request discovery was *before* the Court ruled on his motion to vacate. Yet, even if he had made a timely request, it is unlikely that it would have been granted. There is no automatic right to discovery in connection with the preparation of a § 2255 motion. *Johnson v. Mitchell*, 585 F.3d 923, 934 (6th Cir. 2009) (quotation marks and citation omitted). Pursuant to Rule 6, which accompanies § 2255, it is within the district court's discretion to grant discovery in a habeas case upon a fact-specific showing of good cause only. Rule 6, Rules Governing § 2254 Cases; 28 U.S.C. foll. § 2255; *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001) (citations omitted). The touchstone of demonstrating good cause under Rule 6 is specificity:

---

[4] Abdulkadir also appears to request a compassionate release, citing (without support) several medical conditions he has for which he believes that he is not receiving the specialized medical care he requires. (Doc. No. 146, at 2.) Because Abdulkadir has already served his custodial sentence in this case, this Court is without authority to grant him a compassionate release. *See, e.g., United States v. Dickinson*, No. 1:14-cr-35, 2021 WL 4147823, at *2 (S.D. Ohio Sept. 13, 2021) ("As Defendant's sentence to this Court has already been satisfied, and indeed was fully satisfied before Defendant's motion for compassionate release was ripe for decision, this Court has no jurisdiction to grant compassionate release.").

to meet his burden, a defendant must "point to specific evidence that might be discovered that would support his constitutional claims[.]" *Burns v. Lafler*, 328 F. Supp. 2d 711, 718–19 (E.D. Mich. 2004) (citation omitted). While a defendant need not show that his requested discovery would "unquestionably lead to a cognizable claim for relief," conclusory statements that further discovery would support his constitutional claims are insufficient. *Keenan v. Bagley*, 262 F. Supp. 2d 826, 838 (N.D. Ohio 2003) (quotation marks and citations omitted). Again, there is nothing in the record, including the vague and undeveloped representations in the motions to vacate and to alter or amend the judgment, that would show that evidence exists demonstrating good cause for conducting post-conviction discovery.

### III. CONCLUSION

For the foregoing reasons, Abdulkadir's motion (Doc. No. 146) to alter or amend the Court's ruling on his motion to vacate is denied. For the same reasons, his request for post-conviction discovery, and release pending discovery and a hearing, are also denied. Additionally, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 22, 2026

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**